IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| JERMERE MARSHALL, | ) | |
|---|---|---|
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | Civil Action No. 09-62J |
| | ) | Judge Kim R. Gibson |
| MR. JOHN YOST, Warden, FCI Loretto, | ) | |
| | ) | |
| Respondent | ) | |

## **MEMORANDUM OPINION AND ORDER**

After entering into a plea agreement, Petitioner Jermere Marshall ("Petitioner") was convicted in the Western District of Virginia for drug possession with intent to deliver. On June 24, 2002, Petitioner was sentenced to 262 months of incarceration (Petitioner's "2002 conviction"). In calculating the sentence, the sentencing court utilized the "career offender" enhancement, pursuant to the then-applicable United States Sentencing Guidelines § 4B1.1. This enhancement was based on two prior State of New Jersey convictions for drug possession with intent to deliver, one in 1995, and the second in 1997 (hereinafter "the 1997 conviction"). On November 6, 2006, subsequent to his conviction and sentencing in the Western District of Virginia, Petitioner's 1997 conviction was vacated in part, *i.e.*, his conviction for possession with intent to deliver was vacated, but his conviction for simple possession was not vacated. See ECF No. 6-1 at 2 to 3 (New Jersey State Court order). The "career offender" designation is reserved for individuals who had prior convictions for drug offenses which involved intent to sell or distribute drugs. The career offender designation does not encompass mere drug possession offenses without the requisite showing of intent to distribute. See, e.g., *United States v. Hernandez*, 218 F.3d 272, 276 (3d Cir. 2000) ("a controlled substance offense involving mere possession cannot serve as a predicate offense to establish a defendant's career offender status").

On November 6, 2006, after Petitioner had exhausted his appeal and after his 28 U.S.C. § 2255 motion was denied (in July 2004), a New Jersey State court vacated Petitioner's 1997 conviction. After Petitioner's 1997 conviction was vacated in part by the New Jersey State Court, Petitioner filed a motion for leave to file a second or successive § 2255 motion. This motion, which was filed with the Fourth Circuit Court of Appeals, was denied on August 24, 2007. *In re Marshall*, 07-236 (4th Cir. 2007). On March 6, 2009, Petitioner filed the instant Petition pursuant to 28 U.S.C. § 2241, seeking to challenge the validity of his sentence, specifically challenging his designation as a career criminal.

As a prerequisite to bringing a § 2241 petition, petitioner must show that § 2255 is inadequate or ineffective. Petitioner has not met this burden; therefore, this Court lacks jurisdiction over Petitioner's § 2241 petition.

### A. Discussion

Petitioner seeks to challenge the validity of the sentence imposed. As a general rule, challenges on the validity of the conviction and/or on the validity of the sentence imposed (as opposed to a challenge to the sentence *as administered*, e.g., the application of credits to the sentence) are properly brought under a § 2255 petition. See *In re Nwanze*, 242 F.3d 521, 523 (3d Cir. 2001) ("ordinarily a petitioner should advance a challenge to a conviction and sentence through the means of a motion under § 2255 in the sentencing court.").

In contrast, as a general rule, a petition under § 2241 is properly brought where the petitioner is seeking to challenge administration or execution of the sentence (*e.g.*, the calculation of good time credits, the running of the sentence, the calculation of the ending date, etc.). *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); see also *Bennet v. Soto*, 850 F.2d

161 (3d Cir. 1988), <u>superceded by statute on other grounds as recognized by</u> *Callwood v. Enos*, 230 F.3d 627 (3d Cir. 2000); <u>see also</u> *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

However, there are exceptions where a challenge to the validity of the conviction and/or sentence imposed may be brought via a § 2241 petition. A petitioner who wishes to challenge the validity of a conviction and/or the validity of the sentence imposed may not bring a § 2241 Petition until he or she has shown that § 2255 is an inadequate or ineffective remedy. <u>See</u> 28 U.S.C. § 2255 (5th paragraph); <u>see also</u> *In re Dorsainvil*, 119 F.3d 245, 247 (3d Cir. 1997). The statutory provisions governing this case provide in pertinent part that

> [a]n application for a writ of *habeas corpus* [*i.e.*, a § 2241 petition[1]] on behalf of a prisoner who is authorized to apply for relief by motion [*i.e.*, § 2255 motion] pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.[2]

Thus, before petitioners can avail themselves of a § 2241 petition in order to attack the validity of their conviction and/or the sentence, as imposed, they must show that § 2255 is inadequate or ineffective. *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000) ("Accordingly, a § 2241 petition that seeks to challenge a federal sentence or conviction–thereby effectively acting as a § 2255 motion–may be entertained only when the petitioner establishes that the remedy provided for under § 2255 is inadequate or ineffective.") (citations omitted). It is the burden of the Petitioner to prove that § 2255 is inadequate or ineffective. *Charles v. Chandler*, 180 F.3d 753,

---

[1] *Alamin v. Gerlinski*, 30 F.Supp.2d 464, 467 (M.D. Pa. 1998) (construing the language "application for a writ of habeas corpus to mean a § 2241 petition, noting that the above quoted passage 'allows the filing of a habeas (*i.e.*, a 2241) petition when relief under § 2255 'is inadequate or ineffective to test the legality of [the] detention.'"). <u>See also</u> *United States v. Barrett*, 178 F.3d 34, 49 (1st Cir. 1999) (describing this quoted passage as "the limitation on the use of § 2241 petitions by federal prisoners that is set forth in § 2255").

[2] This passage, which permits a challenge of a conviction or sentence, as imposed, via a § 2241 petition where a § 2255 petition would be inadequate or ineffective, is commonly referred to as the "saving clause." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000), or as the "safety valve." *United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000).

756 (6th Cir. 1999) ("It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective.") (*per curiam*).

In the instant case, a second § 2255 petition is unavailable to Petitioner, as he does not meet the gate keeping requirements of § 2255(h). § 2255(h) states:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner is not making a claim of newly discovered evidence, which would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense for which he was convicted in federal court, as required under the saving clause of § 2255(h). Further, the "actual innocence" of the § 2255 saving clause refers to the substantive offense, not a sentencing factor. See, e.g., *Green v. Hemingway*, 67 F.App'x 255, 257 (6th Cir. 2003) ("the 'actual innocence' exception of the savings clause of § 2255, as it has been interpreted by this Court, is 'actual innocence of the underlying, substantive offense, not 'innocence' of a sentencing factor.'"); see also *Smith v. United States*, 263 F.App'x 853 (11th Cir. 2008) (the claim that a sentence was unconstitutionally enhanced based on a prior conviction of which the petitioner was actually innocent does not open the door for a § 2241 petition; the saving clause did not apply where defendant's federal sentence was enhanced by a state conviction for a crime of which he was actually innocent because the retroactive Supreme Court decision affecting

4

his state conviction did not render the defendant's conviction in federal court nonexistent). Nor does Petitioner meet the gatekeeping requirements of § 2255 through an applicable new rule of constitutional law directly affecting the 2002 conviction which has been made retroactive by the Supreme Court. Thus, Petitioner cannot meet the gatekeeping requirements necessary to bring a second or successive § 2255 petition.

However, mere inability to meet § 2255's gatekeeping requirements does not satisfy a petitioner's burden of showing that § 2255 is inadequate or ineffective for purposes of bringing a § 2244 motion. As stated in *Dorsainvil*, "We do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255." 119 F.3d at 251; see also *Pack v. Yusuff*, 218 F.3d at 453;[3] citing 104 P.L. 132, 110 Stat. 1214 (1996); see also *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999) ("Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 has already been denied . . . or because the petitioner has been denied permission to file a second or successive motion to vacate. . . . ." (citations omitted)).

In the instant case, the only suggestion by Petitioner as to why § 2255 is inadequate or ineffective is that he is unable to bring a second or successive § 2255 petition and it is unfair that he should be made to serve a sentence that is longer than it would otherwise have been but for the

---

[3] "[A] § 2255 motion cannot become 'inadequate or ineffective,' thus permitting the use of [section] 2241, merely because a petitioner cannot meet the second or successive requirements under the Antiterrorism and Effective Death Penalty Act of 1996 (commonly referred to as the 'AEDPA'). [*internal citations omitted*]. To hold otherwise would flout Congress's obvious intent to give meaning to these procedural requirements. A ruling that the § 2255 remedy was inadequate or ineffective, such that a petitioner could invoke § 2241, simply because the petitioner's prior § 2255 motion was unsuccessful, or barred, or because he could not file another motion, would render those procedural requirements a nullity and defy Congress's clear attempt to limit successive habeas petitions." (*internal quotations omitted*).

career criminal enhancement, which in turn relied upon the 1997 conviction, that is no longer valid. As explained above, caselaw demonstrates that such a showing is not sufficient for the Petitioner to carry his burden of proving that § 2255 is inadequate or ineffective so that he can properly proceed under § 2241.

Further, Petitioner contends that he comes within the ambit of *Dorsainvil* and thereby shows that § 2255 is inadequate or ineffective. However, *Dorsainvil* does not compel this Court to conclude that Petitioner has established the inadequacy of § 2255.

In *Dorsainvil*, the defendant was convicted under 18 U.S.C. § 924(c)(1), which "imposes punishment upon a person who 'during and in relation to any . . . drug trafficking crime' . . . uses or carries a firearm." *Dorsainvil* at 247. Subsequent to the conviction of the defendant in *Dorsainvil*, and after he had unsuccessfully filed his first 2255 petition, the Supreme Court held that the government must show active employment of the firearm in order to convict. *Bailey v. United States*, 516 U.S. 137 (1995). Since the defendant in *Dorsainvil* "denied that the gun was in any way related to the drug transaction" and was simply present in his vehicle, the defendant argued that he was "imprisoned for conduct that the Supreme Court [had] determined [was] not legal." *Dorsainvil* at 246-247.

Therefore, after the *Bailey* decision was entered, Mr. Dorsainvil brought a motion in the Third Circuit Court, seeking leave to file in the District Court a second or successive § 2255 motion. The Court of Appeals denied him leave to do so, noting that he did not come within the gatekeeping requirements of the AEDPA. However, after further briefing by the parties, the Court concluded that Mr. Dorsainvil had established the inadequacy of § 2255 such that his § 2241 petition was permissible. 119 F.3d at 250-51.

Essentially, the narrow holding of *Dorsainvil* permits a § 2241 petition to attack the validity of a conviction where the petitioner does not meet the gatekeeping requirements of § 2255 and the petitioner was "imprisoned for a crime that an intervening [Supreme Court] decision negate[d]." 119 F.3d at 250-51. The rationale of this 'safety valve' provision, allowing petitions under § 2241 in this narrow circumstance, is to create a mechanism whereby an individual may challenge his/her conviction by a claim of actual innocence of the crime for which he/she was convicted, thus correcting a potential miscarriage of justice. See *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001) ("To capture the idea that the incarceration of one whose conduct is not criminal 'inherently results in a complete miscarriage of justice', [*internal citations omitted*] most circuits have included an actual innocence component in their savings clause tests."); citing *Dorsainvil*, 119 F.3d at 251 ("'prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate'"); see also *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999) ("*Bousley* makes it clear that the claims made by the petitioners in the *Davenport, Triestman,* and *Dorsainvil* cases were really just claims of 'actual innocence,' and the practical effect of the holdings in those cases was to permit a petitioner to make a claim of 'actual innocence' that was otherwise barred by AEDPA. . . . No circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions."); see also *In re Jones*, 226 F.3d 328, 333 n.3 (4th Cir. 2000) ("Importantly, neither *Davenport, Triestman,* nor *Dorsainvil* holds that § 2255 is inadequate or ineffective on the basis that the movant's *Bailey* claim would satisfy pre-AEDPA abuse of the writ standards. Rather, these courts have focused on the more

7

fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, has no source of redress."); see also *United States v. Lorentsen*, 223 F.3d 950, 953-54 (9th Cir. 2000 ) (referring to the holding of several cases, including *Dorsainvil* that deal with the savings clause, the court stated that "[a]lthough the precise formulations vary, each of those cases holds, in essence, that a federal prisoner who is 'actually innocent' of the crime of conviction, but who never has had 'an unobstructed procedural shot' at presenting a claim of innocence, may resort to § 2241 if the possibility of relief under § 2255 is foreclosed.").

Therefore, to come within the narrow *Dorsainvil* exception, the petitioner must be claiming actual innocence of a crime for which he/she was convicted based on an intervening change of law occurring *after* a § 2255 motion has been decided or the time for filing such has run, thus establishing the inadequacy of § 2255. see *Schlup v. Delo*, 513 U.S. 298, 327 (1995); see also *Herrera v. Collins*, 506 U.S. 390 (1993); see also *Galloway v. Samuels*, No. 07-3257, 2007 WL 2904196, at *4 (D.N.J. 2007). Thus, to trigger the safety valve provision of § 2255, the claim of actual innocence must be coupled with a change in the interpretation of a criminal statute, by the Supreme Court, rendering the conduct for which petitioner was convicted non-criminal. See, e.g., *Walker v. Williamson*, 235 F.App'x 888, 889 (3d Cir. 2007) ("Further, the 'safety valve' by which a prisoner may bypass § 2255 when it is 'inadequate or ineffective to test the legality of his detention,' is extremely narrow and applies to the unusual situation in which a prisoner had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law. [*internal citations omitted*]. Such is not the case here."); citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002); in turn citing *In re Dorsainvil*, 119

8

F.3d 245, 251 (3d Cir. 1997).

Several courts have noted, however, that the *Dorsainvil* standard for determining the inadequacy of § 2255 is unclear. See *Wofford v. Scott*, 177 F.3d 1236, 1243 (11th Cir. 1999) (criticizing the Second Circuit's standard for determining inadequacy of § 2255 as being "'too indefinite' to meet 'the needs of practical judicial enforcement.'"). However, this Court understands the holding of *Dorsainvil* to be narrow, as follows: where a Supreme Court decision construes a federal criminal statute in a manner that renders the conduct by which a convict/petitioner was convicted no longer criminal, such that the petitioner is actually innocent of the crime, and that Supreme Court decision comes at a time after the convict's direct appeals have been exhausted and after a § 2255 motion has been filed, or after the time for filing a § 2255 motion has expired, then § 2255 is inadequate or ineffective so as to permit a § 2241 petition.[4]

The instant petition does not come within the narrow *Dorsainvil* rule. Petitioner is not claiming the benefit of a United States Supreme Court decision construing a federal criminal statute that renders conduct of which he was accused non-criminal. Petitioner pleaded guilty to the crime, and therefore cannot now make a claim that he is innocent of the crime for which he was convicted.

Petitioner's case has some parallels to *Dorsainvil* in that Petitioner, while not claiming actual innocence of the federal **crime** for which he was convicted, is making a claim that the **sentence** imposed was a miscarriage of justice because, due to changes in the law, if he were sentenced today under the same circumstances he would not qualify for a career criminal

---

[4] Cf. *Wofford v. Scott*, 177 F.3d 1236, 1243 (11th Cir. 1999) ("The holding in *Davenport*, read against the facts of that case, is limited to circumstances in which a Supreme Court decision has changed the law of a circuit retroactively in such a way that a prisoner stands convicted for a nonexistent offense, and the prisoner had no reasonable opportunity for a judicial remedy of that fundamental defect before filing the § 2241 proceeding."); citing *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).

enhancement; thus, Petitioner argues that he should not have been sentenced to 262 months (as permitted under the career criminal enhancement) but should only have been sentenced to some shorter period, as in effect he is "actually innocent" of the career criminal enhancement.

The Supreme Court has extended the "actual innocence of the sentence" claim to capital sentences[5] only. However, some lower federal courts have extended the notion outside of the capital sentencing area. See, e.g., *Cristin v. Wolfe*, 168 F.App'x 508, 510 n.2 (3d Cir. 2006); see also *Cristin v. Brennan*, 281 F.3d 404, 421-22 (3d Cir. 2002);[6] see also *United States v. Mikalajunas*, 186 F.3d 490, 494 (4th Cir. 1999) ("In *United States v. Maybeck*, 23 F.3d 888, 892-94 (4th Cir. 1994), a panel of this Court ruled that the actual innocence exception may be applied in § 2255 to noncapital sentencing proceedings and that Maybeck was actually innocent of being a career offender, see U.S.S.G. § 4B1.1, because one of the predicate offenses necessary to qualify him for career offender status actually was not a crime of violence."). Hence, similar to *Dorsainvil*, Petitioner makes a claim of actual innocence of the enhanced sentence.

Petitioner does meet the second prong of *Dorsainvil* in that the New Jersey State Court's vacating of Petitioner's 1997 conviction of possession with intent to deliver did not occur until *after* Petitioner had exhausted his appeals and until *after* his § 2255 motion had been decided. Hence, similar to *Dorsainvil*, Petitioner could not have previously raised the claim he raises herein.

Hence, this Court is squarely faced with the question of whether one who claims to be actually innocent of the *sentence* imposed and who could not have raised this issue earlier than he did, due to a belated vacating of a predicate *State Court* conviction, has satisfied his burden to

---

[5] See, e.g., *Dretke v. Haley*, 541 U.S. 386 (2004).
[6] But see *Levan v. Sneizek*, 325 F.App'x 55, 57 (3d Cir. 2009) ("But Levan does not contend that his conduct is no longer criminal; he argues only that he is innocent of his sentence in light of *Booker*. Our decision in *Cristin v. Brennan*, 281 F.3d 404 (3d Cir. 2002), does not help Levan because it did not bring 'actual innocence of the sentence' within the ambit of the *Dorsainvil* exception as he contends.").

show that § 2255 is inadequate or ineffective. *Dorsainvil* is not controlling in this case because the *Dorsainvil* ruling is expressly narrow and does not address the precise question before us. *Dorsainvil*, 119 F.3d at 252 ("Our holding that in this circumstance § 2255 is inadequate or ineffective is therefore a narrow one. In the posture of the case before us, we need go no further to consider the other situations, if any, in which the 'inadequate or ineffective' language of § 2255 may be applicable."). Thus, the Petitioner has asked this Court to utilize the logic in *Dorsainvil* and expand the narrow rule articulated in that case: Petitioner would like to bring a § 2241 petition based on: 1) a new interpretation of *state* criminal law (rather than a new interpretation of federal criminal law by the Supreme Court); and (2) the argument that the career criminal enhancement would not be applicable if petitioner were sentenced today under circumstances which are otherwise the same. Petitioner terms this second argument "actual innocence" of his sentence. For the following reasons, the Court finds that Petitioner has not carried his burden to show that he is entitled to have this case considered under § 2241, pursuant to the safety valve of § 2255.

First, Petitioner has not established § 2255's inadequacy because his situation does not establish the "miscarriage of justice" which is the rationale for allowing § 2241 petitions to be brought. Petitioner fails to establish a miscarriage of justice for at least two reasons. As discussed supra, a claim of actual innocence of the *sentence* is not sufficient to establish the inadequacy of § 2255. This Court find that *Kinder v. Purdy* is persuasive in this regard:

> [Petitioner]'s argument that he is actually innocent of being a career offender in light of *Bellazerius*, however, is not the type of argument that courts have recognized may warrant review under § 2241. Recent cases examining the scope of § 2255's savings clause have done so because of the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995). [*internal citations omitted*]. Where the petitioner's case has been viewed as falling within the savings clause, it was in part because the petitioner arguably was convicted for a *nonexistent offense*. [*internal citations omitted*]. Thus, in each case, the petitioner could claim he was *actually innocent of* the crime of which he was convicted. In contrast, [Defendant]

11

> argues that . . . his conviction of conspiracy cannot support application of the Criminal Sentencing Guidelines' career offender provisions. He makes no assertion that he is innocent of the *crime* for which he was convicted.

222 F.3d 209, 213-14 (5th Cir. 2000) (footnotes omitted) (emphasis added); citing *In re Davenport*, 147 F.3d 605 (7th Cir. 1998); also citing *Triestman v. United States*, 124 F.3d 361 (2d Cir. 1997); also citing *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997); also citing *In re Vial*, 115 F.3d 1192 (4th Cir. 1997) (*en banc*); see also *Littles v. United States*, 142 F.App'x 103 (3d Cir. 2005) (where § 2241 petitioner argued that the career criminal enhancement was improper because it was based on a conviction that was allegedly unconstitutional; however, the Third Circuit Court held that the petition was properly dismissed by the District Court for lack of jurisdiction because the Petitioner "cannot show that a motion to challenge his sentence pursuant to 28 U.S.C. § 2255 would be 'inadequate or ineffective.'"); see also *Levan v. Sneizek*, 325 F.App'x 55, 57 (3d Cir. 2009) ("[Petitioner] does not contend that his conduct is no longer criminal; he argues only that he is innocent of his sentence in light of *Booker*. '[A]ctual innocence of the sentence' is not within the ambit of the *Dorsainvil* exception as he contends."). Accord *U.S. v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence."); see also *Little v. Hamidullah*, 177 F.App'x 375 (4th Cir. 2006) (finding that claim of actual innocence of sentence enhancement did not render § 2255 inadequate or ineffective); see also *Green v. Hemingway*, 67 F.App'x 255, 257 (6th Cir. 2003) ("Even if it is assumed that [Petitioner]'s allegations are true, the 'actual innocence' exception of the savings clause of § 2255, as it has been interpreted by this Court, is 'actual innocence of the underlying, substantive offense, not 'innocence' of a sentencing factor.'"); see also *White v. Rivera*, 518 F.Supp.2d 752, 757 n.2 (D.S.C. 2007), *aff'd*, 262 F.App'x 540 (4th Cir.

2008) ("Furthermore, his 'actual innocence' argument concerning an enhancement does not entitle him to relief under § 2241, as it 'is not the type of argument that courts have recognized may warrant review under § 2241.'").[7]

Assuming, *arguendo*, that potential 2241 claims *were* permissible under the savings clause of Section 2251 where a petitioner's sentence was arguably incorrect because of a changed interpretation of law, petitioner would still have to establish that the change in law was due to a retroactively applicable *Supreme Court* decision. See *Wofford v. Scott*, 177 F.3d at 1245 ("the **only** sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent.") (emphasis added). Here, Petitioner's claims are not based upon a retroactively applicable Supreme Court decision that has changed the interpretation of a law pursuant to which Petitioner was convicted.

Secondly, Petitioner has not demonstrated a miscarriage of justice. Petitioner's conviction and sentence are presumed to be constitutional and valid, and he has the burden of proving otherwise. See *U.S. v. El-Amin*, 343 F.App'x 488, 491 (11th Cir. 2009) ("the underlying [federal] conviction and sentence are presumed valid until vacated in a separate proceeding under 28 U.S.C. § 2255..."). See also *Meyers v. Gillis*, 93 F.3d 1147, 1151 (3d Cir. 1996) ("On collateral attack.... the state receives the presumption of regularity and all reasonable inferences."); quoting *Higgason v. Clark*, 984 F.2d 203, 208 (7th Cir. 1993); see also *Schlette v. California*, 284 F.2d 827, 833-34 (9th Cir. 1960) ("A conviction after public trial in a state court by verdict or plea of guilty places the burden on the accused to allege and prove primary facts, not inferences, that show,

---

[7] We note that the issue of whether establishing actual innocence of the sentence based on having a predicate offence vacated or rendered a nullity (*but only after exhaustion of the § 2255 remedy had already occurred*), is sufficient to show the inadequacy of the § 2255 motion so that one can bring a § 2241 petition to attack the sentence imposed, is an issue currently pending before the Court of Appeals in *Pollard v. Yost*, No. 08-4720 (3d Cir.).

13

notwithstanding the strong presumption of constitutional regularity in state judicial proceedings that in his prosecution the state so departed from constitutional requirements as to justify a federal court's intervention to protect the rights of the accused."); see also *Jones v. Vacco*, 126 F.3d 408, 415 (2d Cir. 1997) ("On a petition for a writ of federal habeas corpus, the petitioner bears the burden of proving by a preponderance of the evidence that his constitutional rights have been violated."); see also *Riggs v. Federal Bureau of Prisons*, Civ.A. No. 5:06-cv-00687, 2007 WL 1655240, at *3 (S.D.W.Va. 2007) ("The petitioner carries the burden of proving he is entitled to habeas corpus relief under 28 U.S.C. § 2241."). Here, Petitioner has failed to carry that burden.

Further, it is entirely possible that Petitioner would have received the exact same sentence if, for instance, the Federal sentencing court utilized some upward adjustment (other than the career criminal enhancement) under the sentencing guidelines which were then in force. Assuming the Petitioner would have received the same sentence as he did (absent the career criminal enhancement), then there is no miscarriage of justice created by requiring him to serve his sentence. Thus, absent such a showing, Petitioner has failed to convince this Court that him serving his current sentence would constitute a miscarriage of justice that would trigger the § 2255 saving clause, and allow him to bring these claims via a § 2241 petition.

The third reason that there is no miscarriage of justice in this case is that Petitioner knowingly bargained for the plea agreement, received benefits in exchange for his guilty plea, and knew at the time he entered into the agreement that his sentence might be enhanced if he were determined by the court to be a career criminal, which was likely. See ECF No. 6 at 2 (noting that the pre-sentence report recommended sentencing Petitioner as a career criminal). Petitioner faced a statutory minimum of 10 years (or 120 months) and a statutory maximum sentence of life

imprisonment. See 21 U.S.C. § 841(b) (1) (B) (pursuant to which Petitioner was charged and subsequently pled guilty); see also *Garcia v. U.S.*, No. CV-03-4953, 2006 WL 2009090, at *2 (E.D.N.Y. 2006). In the instant case, Petitioner was sentenced to only 262 months (out of a possible range of 120 months to life). Thus, Petitioner has failed to show that his case constitutes a miscarriage of justice.

There is another consideration that gives the Court pause as to why Petitioner should not be able to bring the instant claim of being actually innocent of the sentence. Where one is actually innocent of the *crime* of which one is convicted, then the remedy for this Court would be release of the Petitioner (unless he was still completing another sentence for a separate conviction). In contrast, where the Petitioner is arguing that the sentence imposed should have been shorter, this Court does not have the authority to revise the discretional sentence imposed by the sentencing court, when it was well within the sentencing guidelines. This Court cannot engage in speculation as to what sentence *would* have been delivered by the sentencing court *if* it had known what is now known. This Court does not have the power to order the sentencing court to re-sentence Petitioner.[8] See *Sedivy v. Richardson*, 485 F.2d 1115, 1122 n.10 (3d Cir. 1973) ("American courts are heirs to a long standing principle of the common law which finds its historical foundation in the forbearance through which courts exercising coordinate jurisdiction in the name of a single sovereign refrained from interfering with the process of one another and, thereby, direct conflicts with each other were avoided. The utility produced by this concord was alone sufficient justification for its continued existence."). In addition, it is highly questionable whether this Court has the power to *resentence* Petitioner for a crime committed outside of the

---

[8] Petitioner claims entitlement to be sentenced to only 57-71 months. ECF No. 6 at 15.

15

territorial jurisdiction of this Court.[9]  See, e.g., *Fort v. Deboo*, Civ.A.No. 5:08cv6, 2008 WL 4371398, at *5 (N.D.W.Va. 2008).[10]  See also *Burkey v. Lappin*, C.A. No. 06-122 Erie, 2007 WL 4480188, at *2 (W.D.Pa. 2007) ("He does not dispute Respondent's contention that this habeas court cannot shorten the term of supervised release" imposed by another federal court outside the District), aff'd sub nom., *Burkey v. Marberry*, 556 F.2d 142 (3d Cir. 2009).  These questions and issues counsel against the notion that this Court should entertain a § 2241 petition based on a claim of actual innocence of the sentence imposed claim outside of the capital context.

### B. Conclusion

Thus, Petitioner has not met any of the requirements necessary to establish that § 2255 is inadequate, that manifest injustice has occurred, triggering its saving clause and thus permitting a claim under § 2241.  Petitioner has not argued that he is innocent of the crime of which he was convicted by virtue of an intervening Supreme Court criminal case, but rather has argued that he is "innocent of" the sentence imposed, or more accurately that in light of current-day sentencing guidelines, he would not be given such a long sentence if he was sentenced today.  Further, this Court does not have the authority to revise the sentencing decision of another court, which was

---

[9] The one case cited by Petitioner wherein a Court entertained a § 2241 petition to consider an actual innocence of the enhanced sentence claim (because the predicate State offense had been vacated), was filed in the very same District of the Federal Court that had imposed the enhanced sentence, which also happened to be the District wherein the petitioner was then incarcerated.  ECF No. 6 at 12, citing *Goldman v. Winn*, 565 F.Supp.2d 200, 201 - 210 (D.Mass. 2008) ("In 1993, petitioner Franklin Goldman was convicted in this federal court of conspiracy to possess cocaine with intent to distribute and possession of cocaine with intent to distribute. . . . Barred from proceeding pursuant to § 2255, Goldman next filed the instant § 2241 petition [in this Court, *i.e.*, the court of conviction] on December 27, 2004."); see also *Zollicoffer v. Rios*, No. 10-cv-1238, 2010 WL 3211061 (C.D.Ill. 2010) (§ 2241 petition was filed in the district of conviction which was also the district of incarceration, but before a judge different from the one presiding over the conviction/sentencing, was permitted to go forward); but see *Little v. United States*, No. Civ. A. 01-40077RWZ, 2002 WL 1424581, at *1-2 (D.Mass. 2002) (entertaining § 2241 petition to attack an enhanced sentence imposed by a different District Court outside the Circuit and scheduling a hearing to resentence the petitioner because the conviction which underpinned the enhanced federal sentence had been vacated).

[10] "[T]his Court must consider if it is really the appropriate forum to grant such relief [of resentencing a federal prisoner convicted in another District].  Not only are all the pertinent records and people in the Eastern District of North Carolina, this Court has concerns that if relief is available, it is authorized to vacate a Judgment Order issued by another Court. Alternately, even if it could vacate a Judgment Order issued by another Court, this Court also has to wonder if deference to the sentencing court might not be more appropriate.") (citations omitted), *report and recommendation adopted by*, 2008 WL 4821652 (N.D.W.Va. 2008).

well within the guidelines, nor would this prevent a "manifest injustice" in light of the fact that Petitioner knowingly bargained for and received the benefits of the plea agreement pursuant to which he was sentenced.

Accordingly, this § 2241 petition is dismissed without prejudice for lack of subject matter jurisdiction because Petitioner has not demonstrated that § 2255 is inadequate or ineffective nor has he demonstrated a miscarriage of justice.

Kim R. Gibson
U.S. District Judge

Dated: December 3, 2010

cc: Jermere Marshall
08513-084
FCI Loretto
P.O. Box 1000
Loretto, PA 15940

All counsel of record via CM-ECF

17